```
              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| SALAHUDDIN F. SMART, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 07-6102 (JBS/AMD) |
| v. | |
| BOROUGH OF LINDENWOLD, ET AL., | **OPINION** |
| Defendants. | |

APPEARANCES:

Salahuddin F. Smart, <u>Pro Se</u>
125 S. Whitehorse Pike
Apt. 52
Lindenwold, NJ 08021

Robert E. Campbell, Esq.
WHITE AND WILLIAMS, LLP
457 Haddonfield Road
Suite 400
Cherry Hill, NJ 08002
    Counsel for Defendants Borough of Lindenwold, Michael
    McCarthy, Daniel LaFountaine, and Justin Mastalski

**SIMANDLE**, District Judge:

**I.  INTRODUCTION**

This civil rights matter is before the Court on Defendants' motion for summary judgment [Docket Item 40].  For the reasons explained below, Defendants' motion will be granted in its entirety.

**II.  BACKGROUND**

   **A.  Facts**

Plaintiff, Salahuddin Smart, alleges that Patrolmen Daniel LaFountaine and Justin Mastalski of the Lindenwold Police Department used excessive force against him in violation of the Fourth Amendment.  On August 23, 2006, responding to a report that people were smoking marijuana outside a building in an apartment complex, Patrolmen LaFountaine and Mastalski approached the people in front of Building D, and indicated they had received a report of people smoking marijuana in the area.  As they began questioning Plaintiff's group, Plaintiff fled from the officers, who gave chase through the apartment complex.

Plaintiff alleges that he was approaching a hole in a fence between apartment complexes when a patrol car sped at him, striking him.  (Smart Dep. 19:10-20:25, Oct. 7, 2008.)  Patrolman LaFountaine avers that the vehicle approached Smart to block him from passing through the hole, and that LaFountaine was exiting the vehicle while it was in park when Smart attempted to cross over the hood of the vehicle and fell off.  (Campbell Cert, Ex-B ("Answers to Interrogatories").)  Plaintiff was arrested and ultimately pled guilty to resisting arrest.

Plaintiff went to the hospital after he was released by the police and complained of pain in his wrist.  He was allegedly diagnosed with bruising and testified that he had some cuts,

although there is no documentation of his injuries or testimony about their cause.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against the driver of the patrol car and his partner who was outside the car, and also argues that the Borough of Lindenwold and Police Chief McCarthy are liable for failing to have a clear policy and to offer adequate training with regard to the use of police cruisers.

### III.  DISCUSSION

#### A.  Standard of Review

Summary judgment is appropriate when the materials of record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" only if it might affect the outcome of the suit under the applicable rule of law. Id. "[T]he nonmoving party may not, in the face of a showing of a lack of a genuine issue, withstand summary judgment by resting on mere allegations or denials in the pleadings; rather, that party must set forth 'specific facts showing that there is a genuine issue for trial,' else summary judgment, 'if appropriate,' will be entered." U.S. v. Premises Known as 717 S. Woodward Street,

<u>Allentown, Pa.</u>, 2 F.3d 529, 533 (3d Cir. 1993) (quoting Fed. R. Civ. P. 56(e))(citations omitted).

Local Civil Rule 56.1(a) requires the movants, in a motion for summary judgment, to furnish a Statement of Material Facts not in Dispute citing to evidence in the record, which Defendants in this case did. This rule then requires the opponent to furnish, with his opposition papers, a responsive Statement of Material Facts addressing each paragraph of the movant's statement, indicating agreement or disagreement and, if not agreed, stating each material fact in dispute and citing to affidavits or other documents in the record of the motion. L. Civ. R. 56.1(a). Plaintiff's opposition to the present motion (which was over two months late) does not include any response to Defendant's statement of undisputed material facts.

The local rule provides that "any material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion." <u>Id.</u> This Court has prescribed this procedure because it is necessary to determine under Rule 56(c), recently amended as Rule 56(c)(2), whether there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(c)(2), Fed. R. Civ. P. As L. Civ. R. 56.1 now explicitly provides, the consequence of the opponent's failure to address the movant's Statement of Material Facts not in Dispute has long been clear, namely, the movant's facts, duly cited to

the record of evidence, are deemed unopposed for purposes of adjudicating the motion.  See, e.g., Montville Twp. v. Woodmont Builders, 2005 U.S. Dist. LEXIS 18079 (D.N.J. Aug. 12, 2005); White v. Camden City Bd. of Educ., 251 F. Supp. 2d 1242, 1246 n.1 (D.N.J. 2003), aff'd, 90 Fed. App'x 437 (3d Cir. 2004); Hill v. Algor, 85 F. Supp. 2d 391, 408 n.26 (D.N.J. 2000); Maertin v. Armstrong World Industries, 2000 U.S. Dist. LEXIS 5857 n.1 (D.N.J. 2000).

For a pro se litigant, as in the present case, the rule itself makes no exceptions, but the Court may excuse non-compliance where the overall record demonstrates whether there is a genuine dispute of material facts.  For example, if a pro se opponent provides a timely written submission demonstrating evidence that contradicts facts in the Rule 56.1 statement, the court may deem the facts disputed, "provided that the facts are supported by evidence in the record."  Reid v. Schuster, 2008 U.S. Dist. LEXIS 22113 (D.N.J. 2008).  Nonetheless, even as to a pro se litigant, failure to file a statement in response to an adversary's Rule 56.1 statement may trigger the assumption that the pro se litigant does not dispute the movant's version of the facts.  Hooten v. Schaaff, 2008 U.S. Dist. LEXIS 34193 (D.N.J. 2008).

Although Plaintiff is proceeding pro se, he is an experienced litigant before this Court.  He has been a Plaintiff

5

in 44 suits filed in this Court since 2002, according to the Clerk's dockets.  While matters of technical non-compliance may be excused, such as when each side has submitted detailed factual statements, keyed to evidence in the record, see Artiles v. Vitanza, 2009 U.S. Dist. LEXIS 68820 (D.N.J. 2009), such is not the situation here in which Mr. Smart not only ignored the movants' Rule 56.1 statement, but he also filed no opposition for two months and then accompanied his belated opposition with only two unsworn affidavits, which must be disregarded, see Woloszyn v. County of Lawrence, 396 F.3d 314, 323 (3d Cir. 2005).[1]

Nor will this Court simply extend an invitation to Plaintiff to follow these important rules of procedure; he is a knowledgeable and experienced civil litigant, who is not confined as an inmate, who repeatedly invokes this Court's power in prosecuting 44 civil actions in recent years, and he is therefore in a position to know the rules and to follow them to the best of his ability.  Significantly, the Court has instructed Plaintiff on how to support and oppose motions on prior occasions.  See Smart v. Capelli, Civil No. 07-955 (JBS), 2008 WL 2478378, at *1 (D.N.J. June 18, 2008); Smart v. Taylor, Civil Action No. 05-1777

---

[1] Over a month after he filed his very late brief, he also submitted his own sworn affidavit, making the conclusory assertion that the officer deliberately struck him.  Thus, even if the Court considers the late-filed affidavit, the only evidence that can be considered in this summary judgment motion is Plaintiff's testimony and Defendant's answers to interrogatories and incident report.

(NLH), 2008 WL 755904, at *1 (D.N.J. March 19, 2008). All facts in Defendants' Rule 56.1 statement that are cited to the evidentiary record as required by L. Civ. R. 56.1(a) will, as provided by that rule, be deemed uncontested for purposes of this motion.

### B. Analysis

In this suit pursuant to 42 U.S.C. § 1983, Plaintiff must prove a violation of the constitutional right he seeks to vindicate. In this case, Plaintiff's claims of police use of excessive force invoke the Fourth Amendment's protection against unreasonable seizure, as applied to the states by the Fourteenth Amendment. Graham v. Connor, 490 U.S. 386, 388 (1989).

Mere negligence does not trigger constitutional liability. Fagan v. City of Vineland, 22 F.3d 1296, 1305 (3d Cir. 1994) (en banc) (citing Davidson v. Cannon, 474 U.S. 344, 347-48 (1986)). The Fourteenth Amendment's Due Process clause is not implicated by the lack of due care of an official causing unintended injury. Daniels v. Williams, 474 U.S. 327, 332 (1986). As a threshold issue, Plaintiff's claim that law enforcement officers have used excessive force in the course of an arrest of a citizen must therefore allege a deliberate act.

Additionally, Plaintiff must show that the act violates the Fourth Amendment's "reasonableness" standard. See Carswell v.

7

Borough of Homestead, 381 F.3d 235, 240 (3d Cir.2004) (citing Graham, 490 U.S. at 395). As stated in Carswell:

> The test is an objective one, which scrutinizes the reasonableness of the challenged conduct. The facts to be examined include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officer or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Reasonableness is to be evaluated from the "perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight."

Carswell, 381 F.3d at 240 (quoting Graham, 490 U.S. at 396). Whether the physical force applied led to physical injury is another relevant factor as part of the totality. See Ference v. Twp. of Hamilton, 538 F. Supp. 2d 785, 806 (D.N.J. 2008); Davis v. Twp. of Paulsboro, 421 F. Supp. 2d 835, 855 (D.N.J. 2006).

Defendant LaFountaine maintains that there is no proof that he deliberately struck Plaintiff. As explained above, such evidence of a deliberate act is required to prove an excessive force claim. See Clark v. Buchko, 936 F. Supp. 212, 218-19 (D.N.J. 1996). The only possible evidence of deliberately injurious action would be the fact of the collision itself, according to Plaintiff's version of the events. The entirety of Plaintiff's testimony with respect to the collision is as follows:

> A [Smart]: [W]hen I was running, once I turned left, the Officer LaFountaine was speeding up and that's when he hit me with the police car. I had to slow myself. I mean, like, gear up for the contact. I was about to come into contact with the officers. I had to gear up for

8

>     that.
>     Q [Def.'s Counsel]: Okay.
>     A: So, I totally lost track of the officer that was coming from the right way.
>     Q: When you said you had to prepare for the impact, how far away from you was the car the first time you saw it?
>     A: He was speeding, so he — he was not that far. I mean, I — I — I don't know how to measure it.
>     Q: Okay.
>     A: So, not that far.
>     Q: Were you knocked to the ground?
>     A: Yeah. I — at — no, when he hit me, did I fall to the ground automatically? No, actually, because the way I planted my hand on the police car — well, tried to plant my hand, I don't know if I planted my hand, but I hit it and I fell on the police car — fell off the police car.
>     Q: All right.
>     A: And that's when he grabbed me and threw me in the police car.
>     Q: Did you land on your feet when you rolled off?
>     A: No. I — once I was hit, I rolled on my — just rolled off, like, say you would do a fire drill type roll, that type of roll. It was one of those rolls, tumble.

(Smart Dep. 19:1-20:8.)  Plaintiff did not testify in his deposition that he believed he was deliberately struck.[2]

Plaintiff also refers to an answer to an interrogatory he believes raises the issue of whether the collision was deliberate:

>     Q [Smart]: Can you describe why you did not stop in time before hitting Plaintiff?
>     A [LaFountaine]: Objection.  Answering defendant's patrol vehicle did not strike plaintiff.  My vehicle was

---

[2] He did submit an affidavit [Docket Item 46] some three months after Defendants filed their motion, with the conclusory statement that the collision was intentional. But even in this belated attempt to create a material issue, Plaintiff is unable to point to any evidence to substantiate his statement. Further, this affidavit contains no newly discovered evidence nor is its lateness — a month after all briefing was concluded — justified or excusable.

9

> at a complete stop and I was in the process of exiting the vehicle when plaintiff attempted to move around/over the hood of the vehicle and fell to the pavement.

(Campbell Cert, Ex-B ("Answers to Interrogatories").) About this exchange Plaintiff states that "the jury must determine the meaning of 'plaintiff attempted to move around/over the hood of the vehicle.'" (Pl.'s Br. Opp. Summ. J., 1.)

There may be cases in which the mere fact of a collision and sufficiently detailed testimony about the nature of the collision are sufficient evidence for a fact-finder to infer that the collision was deliberate, perhaps rendering the force unreasonable and excessive depending on the circumstances. However, given the totality of Plaintiff's testimony, the insubstantial nature of his injuries, and the uncontradicted aspects of Defendant's account, the Court cannot find that Plaintiff has presented sufficient evidence in this case from which a jury could reasonably conclude that Officer LaFountaine deliberately struck him in violation of the Constitution. Even giving Plaintiff's evidence its full weight, no reasonable jury could find that Officer LaFountaine deliberately struck Plaintiff as opposed to negligently failed to stop fast enough while attempting to block Plaintiff's escape. Summary judgment will therefore be entered for LaFountaine.

The Court will also grant summary judgment to the other Defendants. Even if Defendant LaFountaine's liability were in

dispute, the remaining Defendants would be entitled to summary judgment.  Bystander liability for a violation of Fourth Amendment requires Plaintiff to show that Mastalski was in a position to intervene in LaFountaine's conduct.  See Smith v. Mensinger, 293 F.3d 641, 650-51 (3d Cir. 2002).  There is no evidence to support that claim, given that Mastalski was not even in the vehicle.  Summary judgment will therefore be entered for Mastalski.

Similarly, Plaintiff's claims against the city and the police chief are insufficient.  It is well-established that "a defendant in a civil rights case cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." C.H. v. Oliva, 226 F.3d 198, 201 (3d Cir. 2000) (en banc) (citing Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293 (3d Cir. 1997); Baker v. Monroe Township, 50 F.3d 1186, 1190 (3d Cir. 1995)).  There is no vicarious, respondeat superior liability under § 1983.  See Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 694 (1978); Hopp v. City of Pittsburgh, 194 F.3d 434, 441 (3d Cir. 1999).

Plaintiff alleges a failure to train the officers and implement a clear policy on the use of police cruisers.  It is true that local governing bodies can be liable where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially

adopted and promulgated by that body's officers." <u>Monell</u>, 436 U.S. at 690.  In the case of either policy or custom, a plaintiff must show that an official who has the power to make policy is responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom.  <u>Bielevicz v. Dubinon</u>, 915 F.2d 845, 850 (3d Cir. 1990).  A plaintiff asserting a failure to supervise claim must not only identify a specific supervisory practice that the defendant failed to employ, he must also allege "both (1) contemporaneous knowledge of the offending incident or knowledge of a prior pattern of similar incidents, and (2) circumstances under which the supervisor's inaction could be found to have communicated a message of approval." <u>Bonenberger v. Plymouth Township</u>, 132 F.3d 20, 25 (3d Cir. 1997) (quoting <u>Colburn v. Upper Darby Township</u>, 838 F.2d 663, 673 (3d Cir. 1988)).  In this case, Plaintiff does not adduce any evidence to support his allegations involving a failure to train or implement a clear policy, much less evidence of knowledge of a prior pattern.  Summary judgment will therefore be entered for the supervisory defendants as well.

**IV.  CONCLUSION**

There is no evidence that Officer LaFountaine deliberately struck Plaintiff.  Nor, even if a jury found liability for Officer LaFountaine, could a jury find liability for the other

12

Defendants because Plaintiff did not allege facts sufficient for bystander or <u>Monell</u> liability.  Defendants' motion for summary judgment will be granted and the accompanying Order is entered.


**March 9, 2010**                   <u>s/ Jerome B. Simandle</u>
Date                                JEROME B. SIMANDLE
                                     United States District Judge