```
               IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW JERSEY
```

SALAHUDDIN F. SMART,  :  HON. JEROME B. SIMANDLE

        Plaintiff,  :  Civil No. 07-6102 (JBS/AMD)

  v.  :

        **OPINION**

BOROUGH OF LINDENWOLD, ET AL.,  :

        Defendants.  :

APPEARANCES:

Salahuddin F. Smart, Pro Se
125 S. Whitehorse Pike
Apt. 52
Lindenwold, NJ 08021

Robert E. Campbell, Esq.
WHITE AND WILLIAMS, LLP
457 Haddonfield Road
Suite 400
Cherry Hill, NJ 08002
    Counsel for Defendants Borough of Lindenwold, Michael
    McCarthy, Daniel LaFountaine, and Justin Mastalski

**SIMANDLE**, District Judge:

I.  **INTRODUCTION**

       This matter is before the Court on a motion submitted by Plaintiff Salahuddin Smart("Plaintiff") to vacate pursuant to Rule 60(b), Fed. R. Civ. P., this Court's March 9, 2010 Order. [Docket Item 48.]  On March 9, 2010, the Court granted Defendants Borough of Lindenwold, Justin Mastalski, Michael McCarthy, Daniel LaFountaine's ("Defendants") motion for summary judgment.  Almost one year later, on March 1, 2011, Plaintiff filed this motion to

reopen the case based on allegedly newly discovered evidence. [Docket Item 49.]  For the reasons discussed below, the Court will deny Plaintiff's motion to reopen the case.

**II.   BACKGROUND**

   **A.   Previous Litigation and Judgment**

The Plaintiff filed this civil rights action against the Defendants on December 21, 2007.  The Plaintiff alleged in his complaint that Patrolmen Daniel LaFountaine and Justin Mastalski of the Lindenwold Police Department used excessive force against him in violation of the Fourth Amendment.

On August 23, 2006, Patrolmen LaFountaine and Mastalski responded to a report that people were smoking marijuana outside a building in an apartment complex.  The patrolmen approached the people in front the apartment building, and indicated they had received a report of people smoking marijuana in the area.  As they began questioning Plaintiff's group, Plaintiff fled from the officers, who then chased the Plaintiff through the apartment complex.

Plaintiff alleged that he was approaching a hole in a fence between apartment complexes when a patrol car sped at him, striking him.  (Smart Dep. 19:10-20:25, Oct. 7, 2008.)  In contrast, Patrolman LaFountaine averred that the vehicle approached Smart to block him from passing through the hole, and that LaFountaine was exiting the vehicle while it was in park

when Smart attempted to cross over the hood of the vehicle and fell off.  (Campbell Cert, Ex-B ("Answers to Interrogatories").) Plaintiff was arrested and ultimately pled guilty to resisting arrest.

Plaintiff went to the hospital after he was released by the police and complained of pain in his wrist.  He was allegedly diagnosed with bruising and testified that he had some cuts, although there is no documentation of his injuries or testimony about their cause.

Plaintiff brought this action pursuant to 42 U.S.C. § 1983 against the driver of the patrol car and his partner who was outside the car, and also argued that the Borough of Lindenwold and Police Chief McCarthy were liable for failing to have a clear policy and to offer adequate training with regard to the use of police cruisers.

The Defendants moved for summary judgment.  The Plaintiff filed opposition to the motion for summary judgment.  In support of his opposition to summary judgment, the Plaintiff attached two unsworn handwritten statements from Carol Watkins and Lamont Watkins respectively.  The Plaintiff's opposition did not include any response to Defendants' Statement of Undisputed Material Facts.

After reviewing the submissions of the parties, the Court granted the Defendants' motion for summary judgment. [Docket Item

48.]  Before reaching the merits of the motion, the Court addressed several deficiencies in the Plaintiff's opposition. First, the Court discussed the Plaintiff's failure to respond to the Defendants' Statement of Undisputed Material Facts, noted the Plaintiff's extensive civil litigation history and highlighted the Court's past instructions to the Plaintiff on how to support and oppose motions in accordance with the rules of procedure. [March 9, 2010 Op. at 5-7.] The Court then applied Local Civil Rule 56.1(a) which provides that "any material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion."  Applying this rule, the Court deemed Defendants' Rule 56.1 Statement of Undisputed Material Facts uncontested for the purposes of the motion. [March 9, 2010 Op. at 7.]

The Court also addressed the unsworn handwritten statements of Carol Watkins and Lamont Watkins.  Citing to Woloszyn v. County of Lawrence, 396 F.3d 314, 323 (3d Cir. 2005), the Court determined that these statements must be disregarded.  A "statement not in affidavit form was not sufficient . . . to rely upon . . . in disposing of the pending motion for summary judgment" because it did not satisfy the requirements of Fed. R. Civ. P. 56(e).  Id.  As the handwritten statements of Carol and Lamont Watkins were not in affidavit form, the Court concluded they were not sufficient to rely upon in deciding the motion for summary judgment.

In addressing the merits of the summary judgment motion, the Court concluded that there was no evidence in the record that Officer LaFountaine deliberately struck the Plaintiff. The Court also concluded that no jury could find liability for the other Defendants because the Plaintiff did not allege facts sufficient for bystander or <u>Monell</u> liability. [Docket Item 47.] Therefore, the Court granted the Defendants' motion for summary judgment in its entirety.

**B.     Present Motion to Vacate Judgment Pursuant to Rule 60(b)**

On March 1, 2011, the Plaintiff filed the instant motion to reopen the case pursuant to Fed. R. Civ. Pro. 60(b), challenging the year-old summary judgment that had been entered against him. In support of his motion, the Plaintiff attached a sworn affidavit of Lamont Watkins. The Plaintiff maintains that this affidavit is newly discovered evidence which warrants relief under Rule 60(b)(2) and (6).

The Plaintiff claims he did not have an ample opportunity to reach Mr. Watkins to obtain a sworn affidavit in support of his opposition to summary judgment. Plaintiff states that during the past year Mr. Watkins was a resident of Cherry Hill and Collingswood and that prior to his relocation to Cherry Hill, Mr. Watkins resided in Lindenwold. However, Plaintiff maintains that he was unable to contact Mr. Watkins because Mr. Watkins worked

5

from 8AM to 5PM or was with his girlfriend. (Pl.'s Mot. for Post J. Relief 5.)

The Plaintiff further argues that this affidavit supports his complaint and would have created a genuine issue of material fact sufficient to defeat summary judgment. (Pl.'s Mot. for Post J. Relief 2-4.)

The Defendants have filed opposition to this motion. The Defendants argue that the affidavit of Mr. Watkins is not new because the Plaintiff submitted an unsworn statement from Mr. Watkins in opposition to the summary judgment motion. Thus Mr. Watkins' sworn affidavit cannot be considered newly discovered evidence under Rule 60(b)(2). The Defendants also contend that there are no extraordinary circumstances present which warrant relief pursuant to Rule 60(b)(6). Therefore, the Defendants argue that Plaintiff's motion for post judgment relief be denied. (Defs.' Br. in Opp'n. 3-6.)

**III. DISCUSSION**

### A. Relief under Rule 60(b)

"The general purpose of Rule 60(b) is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." Coltec Indus., Inc. v. Hobgood, 280 F.3d 262, 271 (3d Cir. 2002) (quoting Boughner v. Sec'y of Health, Educ. & Welfare, 572 F.2d 976, 977 (3d Cir. 1978)). The interest in finality is profound

6

and so "relief under Rule 60(b) is extraordinary and requires a 'showing of exceptional circumstances.'" Rolo v. City Investing Co. Liquidating Trust, 155 F.3d 644, 654 (3d Cir. 1998) (quoting Marshall v. Bd. of Educ., 575 F.2d 417, 425-26 (3d Cir. 1978)), abrogation on other grounds recognized by Forbes v. Eagleson, 228 F.3d 471 (3d Cir. 2000). Whether to grant a motion for relief from final judgment is left to the sound discretion of the trial court. Hodge v. Hodge, 621 F.2d 590, 593 (3d Cir. 1980). In order to prevail on a Rule 60(b) motion, however, the movant must present a meritorious ground for relief. In re Nazi Era Cases Against German Defs. Litig., 236 F.R.D. 231, 238 (D.N.J. 2006); Lepkowski v. Dep't of Treasury, 804 F.2d 1310, 1314 (D.C. Cir. 1986). The Court will not vacate final judgment, where such action would be futile.

Rule 60(b) offers six distinct grounds for vacating an order. In this case, the Plaintiff argues that relief is warranted under both Rule 60(b)(2), for newly discovered evidence, as well as Rule 60(b)(6). The Court will address each ground separately.

**B. Rule 60(b)(2)**

Rule 60(b)(2) states a court may relieve a party from a final judgment when there is "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P.

7

60(b)(2).

This standard requires that new evidence be (1) be material and not merely cumulative, (2) could not have been discovered before the order through the exercise of reasonable diligence and (3) would probably have changed the outcome of the trial. See Compass Tech v. Tseng Lab., 71 F.3d 1125, 1130 (3d Cir. 1995) and Tischio v. Bontex, Inc., 16 F. Supp. 2d 511, 535 (D.N.J. 1998).

In this case, the Plaintiff argues that the sworn affidavit of Lamont Watkins is new evidence under Rule 60(b)(2).[1]  This argument is without merit.  The Plaintiff submitted as an exhibit to his opposition for summary judgment a handwritten statement from Lamont Watkins alleging essentially the same facts. However, at the time of the initial motion, the Plaintiff did not submit Mr. Watkins' statement in the proper form of a sworn affidavit and therefore, the Court did not consider it. See Woloszyn v. County of Lawrence, 396 F.3d 314, 323 (3d Cir. 2005)(finding an unsworn statement not in affidavit form was not sufficient to rely upon in deciding a motion for summary judgment because it did not satisfy the requirements of Fed. R. Civ. P. 56(e)).  The Plaintiff cannot now use Rule 60(b)(2) as a vehicle

---

[1] Plaintiff argues rather disingenuously that the Lamont Watkins affidavit is newly discovered, as follows: "Technically plaintiff was not provided with the sworn affidavit before the summary judgment motion and only learned of the existence of a sworn affidavit after the summary judgment motion was decided." Pl. Rep. Br. at 4 [Docket Item 51].

to correct his earlier deficient filing.

Since the statement of Lamont Watkins was available and submitted by the Plaintiff in his opposition to Defendant's motion for summary judgment, this evidence is not new within the meaning of Fed. R. Civ. P. 60(b)(2).  Therefore relief pursuant to this rule will be denied.

### C. Rule 60(b)(6)

Rule 60(b)(6) states a court may relieve a party from a final judgment when there is "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).  This rule is a "catchall provision which allows a court to relieve a party from the effects of an order for any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b)(6). However, the court has consistently held that the Rule 60(b)(6) ground for relief from judgment provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances." Coltec Indus. v. Hobgood, 280 F.3d 262, 273 (3d Cir. 2002).

In this case, the Plaintiff has not shown exceptional circumstances which justify relief under Rule 60(b)(6).  The Plaintiff argues that he did not have ample opportunity to obtain the sworn affidavit of Lamont Watkins because Mr. Watkins worked from 8AM to 5PM, spent the hours after work with his girlfriend and subsequently moved out of Lindenwold, NJ, after the conclusion of the case.  These arguments are not sufficient to

9

show exceptional circumstances warranting the extraordinary relief provided for under Rule 60(b)(6).

Further, the Plaintiff did provide a handwritten statement from Lamont Watkins in support of his opposition to Defendant's motion for summary judgment. Therefore, the Plaintiff was able to contact Mr. Watkins and had an ample opportunity to obtain his statement prior to the Court's decision granting summary judgment. However, the Plaintiff did not submit Mr. Watkins' statement in sworn affidavit form, and it took him another year to attempt to do so in this attempt to reopen the 2007 docket. Plaintiff does not claim he was unaware of the obligation to submit a witness's deposition testimony or sworn statement with his opposition to Defendants' summary judgment motion nor does Plaintiff explain why he took an additional year to obtain a usable statement. The Plaintiff cannot now use Rule 60(b)(6) as a means of correcting his previous errors.

As the Plaintiff has not shown exceptional circumstances sufficient to invoke the extraordinary relief provided under Rule 60(b)(6), the Plaintiff's motion for relief pursuant to this rule will be denied.

## IV. CONCLUSION

The Plaintiff is not entitled to relief under Rule 60(b). The sworn statement of Lamont Watkins is not newly discovered evidence that, with reasonable diligence, could not have been

discovered prior the Court's order granting Defendant's motion for summary judgment.  On the contrary, the Plaintiff submitted a handwritten statement from Lamont Watkins in support of his opposition to summary judgment.  Therefore, the Plaintiff is not entitled to relief pursuant to Rule 60(b)(2).

In addition, the Plaintiff has not shown exceptional circumstances sufficient to invoke the extraordinary relief provided under Rule 60(b)(6).  Rather, the Plaintiff seeks to use Rule 60(b) as a vehicle to correct his earlier deficient filing.  This is not a reason that justifies relief.

Therefore, Plaintiff's motion for post judgment relief to reopen this case is DENIED.

**October 11, 2011**            **s/ Jerome B. Simandle**
Date                            JEROME B. SIMANDLE
                                United States District Judge